1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com

9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
14 Attorneys for Defendant
   PFIZER INC.

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18 IN RE BEXTRA AND CELEBREX MARKETING, )   MDL Docket No. 1699
   SALES PRACTICES AND PRODUCTS        )
19 LIABILITY LITIGATION                 )   CASE NO 3:08-cv-03051-CRB
                                        )
   *This document relates to*           )
20                                       )
   BETTY SUNDHAUSEN and JES SUNDHAUSEN, )   **PFIZER INC.'S ANSWER TO**
21                                       )   **COMPLAINT**
                Plaintiffs,             )
22                                       )   **JURY DEMAND ENDORSED**
           vs.                          )   **HEREIN**
23                                       )
   PFIZER, INC.,                        )
24                                       )
                Defendant.             )
25                                       )

26       NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

27 "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiffs' Complaint

28 ("Complaint"), and would respectfully show the Court as follows:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

## II.

## ORIGINAL ANSWER

### Response to Allegations Regarding Jurisdiction

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, denies the same. However, Defendant admits that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

### Response to Allegations Regarding the Nature of the Case

2. Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

2   defective, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining

3   allegations in this paragraph of the Complaint.

4   4.      Defendant states that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendant states that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

9   remaining allegations in this paragraph of the Complaint.

10  5.      Defendant states that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendant states that the potential effects of

12  Bextra® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

15  of the Complaint.

16  6.      Defendant states that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendant states that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

21  of the Complaint.

22  7.      Defendant states that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendant states that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

27  of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Parties**

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age and citizenship, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the Complaint.

10.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies that Bextra® caused Plaintiffs injury or damages and denies the remaining allegations in this paragraph of the Complaint.

11.      Defendant admits that it is a Delaware corporation with its principal place of business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

12.      Defendant admits that it is a Delaware corporation with its principal place of business in New York.   Defendant admits that it does business in New York.   Defendant denies the remaining allegations in this paragraph of the Complaint.

13.      Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

14.      Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

15.      Defendant admits that it does business in New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

16.    Defendant admits that it does business in the United States, including New York. Defendant denies the remaining allegations in this paragraph of the Complaint.

17.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

18.    Defendant admits that it is registered to do and does business in New York. Defendant is without knowledge or information sufficient to form a belief as to the judicial district in which the asserted claims allegedly arose, and, therefore, denies the same. Defendant denies any wrongful conduct, denies committing a tort in the States of New York or California, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

19.    Defendant admits that Bextra® was approved by the FDA, on November 16, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendant denies the remaining allegations in this paragraph of the Complaint.

20.    Defendant admits that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDs"). Defendant states that the remaining allegations in this paragraph of the Complaint are not directed toward Defendant, and, therefore, no response is required. To the extent that a response is deemed required, Defendant states that Plaintiffs fail to provide the context for the remaining allegations in this paragraph of the Complaint. Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same.

21.    Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2). At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)." Defendant states that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint are not directed toward Defendant,

2    and, therefore, no response is required.  To the extent that a response is deemed required,

3    Defendant states that Plaintiffs fail to provide the context for the remaining allegations in this

4    paragraph of the Complaint.  Defendant is therefore without knowledge or information

5    sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same.

6    22.    Defendant states that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendant states that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

11    of the Complaint.

12    23.    Defendant states that the referenced media statement speaks for itself and respectfully

13    refers the Court to the media statement for its actual language and full text.  Any attempt to

14    characterize the media statement is denied.  Defendant denies the remaining allegations in this

15    paragraph of the Complaint.

16    24.    Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S.

17    market as of April 7, 2005.  Defendant denies any wrongful conduct and denies the remaining

18    allegations in this paragraph of the Complaint.

19    25.    Defendant admits that, during certain periods of time, it marketed and co-promoted

20    Bextra® in the United States to be prescribed by healthcare providers who are by law

21    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant

22    admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for

23    use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as

24    well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining

25    allegations in this paragraph of the Complaint.

26    26.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

28    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   when used in accordance with its FDA-approved prescribing information.  Defendant states that

2   the potential effects of Bextra® were and are adequately described in its FDA-approved

3   prescribing information, which was at all times adequate and comported with applicable

4   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

5   allegations in this paragraph of the Complaint.

6   27.    Defendant is without knowledge or information sufficient to form a belief as to the truth

7   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

8   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

9   when used in accordance with its FDA-approved prescribing information.  Defendant states that

10  the potential effects of Bextra® were and are adequately described in its FDA-approved

11  prescribing information, which was at all times adequate and comported with applicable

12  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

13  allegations in this paragraph of the Complaint.

14  28.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

16  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

17  when used in accordance with its FDA-approved prescribing information.  Defendant states that

18  the potential effects of Bextra® were and are adequately described in its FDA-approved

19  prescribing information, which was at all times adequate and comported with applicable

20  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

21  unreasonably dangerous, and denies the remaining allegations in this paragraph of the

22  Complaint.

23  29.    Defendant is without knowledge or information sufficient to form a belief as to the truth

24  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

25  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

26  when used in accordance with its FDA-approved prescribing information.  Defendant states that

27  the potential effects of Bextra® were and are adequately described in its FDA-approved

28  prescribing information, which was at all times adequate and comported with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

2    defective, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining

3    allegations in this paragraph of the Complaint.

4    **Response to First Cause of Action: Negligence and Negligence Per Se**

5    30.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

6    Complaint as if fully set forth herein.

7    31.    Defendant admits that it had duties as are imposed by law but denies having breached

8    such duties.  Defendant states that Bextra® was and is safe and effective when used in

9    accordance with its FDA-approved prescribing information.  Defendant states that the potential

10   effects of Bextra® were and are adequately described in its FDA-approved prescribing

11   information, which was at all times adequate and comported with applicable standards of care

12   and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

13   32.    Defendant states that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendant states that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

18   denies the remaining allegations in this paragraph of the Complaint.

19   33.    Defendant is without knowledge or information sufficient to form a belief as to the truth

20   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

21   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

22   when used in accordance with its FDA-approved prescribing information.  Defendant states that

23   the potential effects of Bextra® were and are adequately described in its FDA-approved

24   prescribing information, which was at all times adequate and comported with applicable

25   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

26   allegations in this paragraph of the Complaint, including all subparts.

27   34.    Defendant states that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendant states that the potential effects of

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1   Bextra® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

4   of the Complaint.

5   35.    Defendant states that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendant states that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

10  denies the remaining allegations in this paragraph of the Complaint.

11  36.    Defendant is without knowledge or information sufficient to form a belief as to the truth

12  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

13  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

14  when used in accordance with its FDA-approved prescribing information.  Defendant states that

15  the potential effects of Bextra® were and are adequately described in its FDA-approved

16  prescribing information, which was at all times adequate and comported with applicable

17  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused

18  Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the

19  Complaint.

20  37.    Defendant is without knowledge or information sufficient to form a belief as to the truth

21  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

22  and, therefore, denies the same.  Defendant admits that, during certain periods of time, it

23  marketed and co-promoted Bextra® in the United States to be prescribed by healthcare

24  providers who are by law authorized to prescribe drugs in accordance with their approval by the

25  FDA.  Defendant states that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendant states that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market as of

2   April 7, 2005.  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably

3   dangerous, and denies the remaining allegations in this paragraph of the Complaint.

4   38.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

6   and, therefore, denies the same.  Defendant denies any wrongful conduct, denies that Bextra®

7   caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of

8   the Complaint.

9   39.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

10  damages, and denies the remaining allegations in this paragraph of the Complaint.

11  40.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

12  damages, and denies the remaining allegations in this paragraph of the Complaint.

13  41.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

14  damages, and denies the remaining allegations in this paragraph of the Complaint.

15  42.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

16  damages, and denies the remaining allegations in this paragraph of the Complaint.

17              **Response to Second Cause of Action: Strict Products Liability**

18  43.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

19  Complaint as if fully set forth herein.

20  44.    Defendant is without knowledge or information sufficient to form a belief as to the truth

21  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

22  and, therefore, denies the same.  Defendant admits that, during certain periods of time, it

23  marketed and co-promoted Bextra® in the United States to be prescribed by healthcare

24  providers who are by law authorized to prescribe drugs in accordance with their approval by the

25  FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

26  45.    Defendant admits that, during certain periods of time, it marketed and co-promoted

27  Bextra® in the United States to be prescribed by healthcare providers who are by law

28  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-10-
ANSWER TO COMPLAINT – 3:08-cv-03051-CRB

1    that, in the ordinary case, Bextra® was expected to reach users and consumers without

2    substantial change from the time of sale.  Defendant denies the remaining allegations in this

3    paragraph of the Complaint.

4    46.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

6    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

7    when used in accordance with its FDA-approved prescribing information.  Defendant states that

8    the potential effects of Bextra® were and are adequately described in its FDA-approved

9    prescribing information, which was at all times adequate and comported with applicable

10   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

11   defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of

12   the Complaint.

13   47.    Defendant states that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendant states that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

18   remaining allegations in this paragraph of the Complaint.

19   48.    Defendant is without knowledge or information sufficient to form a belief as to the truth

20   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

21   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

22   when used in accordance with its FDA-approved prescribing information.  Defendant denies

23   any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies

24   the remaining allegations in this paragraph of the Complaint.

25   49.    Defendant states that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendant denies any wrongful conduct,

27   denies that Bextra® is defective or unreasonably dangerous, and denies the remaining

28   allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   50.    Defendant states that Bextra® was and is safe and effective when used in accordance
2   with its FDA-approved prescribing information.  Defendant denies any wrongful conduct,
3   denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the
4   Complaint.

5   51.    Defendant is without knowledge or information sufficient to form a belief as to the truth
6   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,
7   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective
8   when used in accordance with its FDA-approved prescribing information.  Defendant states that
9   the potential effects of Bextra® were and are adequately described in its FDA-approved
10  prescribing information, which was at all times adequate and comported with applicable
11  standards of care and law.  Defendant denies the remaining allegations in this paragraph of the
12  Complaint.

13  52.    Defendant is without knowledge or information sufficient to form a belief as to the truth
14  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,
15  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective
16  when used in accordance with its FDA-approved prescribing information.  Defendant states that
17  the potential effects of Bextra® were and are adequately described in its FDA-approved
18  prescribing information, which was at all times adequate and comported with applicable
19  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining
20  allegations in this paragraph of the Complaint.

21  53.    Defendant states that this paragraph of the Complaint contains legal contentions to
22  which no response is required.  To the extent that a response is deemed required, Defendant
23  admits that it had duties as are imposed by law but denies having breached such duties.
24  Defendant states that Bextra® was and is safe and effective when used in accordance with its
25  FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®
26  were and are adequately described in its FDA-approved prescribing information, which was at
27  all times adequate and comported with applicable standards of care and law.  Defendant denies
28  any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   remaining allegations in this paragraph of the Complaint.

2   54.    Defendant states that Bextra® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendant states that the potential effects of

4   Bextra® were and are adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

7   denies the remaining allegations in this paragraph of the Complaint.

8   55.    Defendant is without knowledge or information sufficient to form a belief as to the truth

9   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

10  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

11  when used in accordance with its FDA-approved prescribing information.  Defendant states that

12  the potential effects of Bextra® were and are adequately described in its FDA-approved

13  prescribing information, which was at all times adequate and comported with applicable

14  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

15  defective or unreasonably dangerous, denies that Bextra® caused Plaintiffs injury or damages,

16  and denies the remaining allegations in this paragraph of the Complaint.

17  56.    Defendant states that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendant states that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

22  remaining allegations in this paragraph of the Complaint.

23  57.    Defendant states that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendant states that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

58.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

59.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

60.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

61.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

62.    Defendant states that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

63.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

64.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

65.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

## Response to Third Cause of Action: Breach of Express Warranty

66.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

67.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that it provided FDA-approved prescribing information regarding Bextra®. Defendant denies the remaining allegations in this paragraph of the Complaint.

68.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

69.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  damages, and denies the remaining allegations in this paragraph of the Complaint.

2  70.     Defendant admits that it provided FDA-approved prescribing information regarding

3  Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

4  71.     Defendant admits that it provided FDA-approved prescribing information regarding

5  Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

6  72.     Defendant states that Bextra® was and is safe and effective when used in accordance

7  with its FDA-approved prescribing information.  Defendant states that the potential effects of

8  Bextra® were and are adequately described in its FDA-approved prescribing information,

9  which was at all times adequate and comported with applicable standards of care and law.

10  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

11  remaining allegations in this paragraph of the Complaint.

12  73.     Defendant states that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendant states that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

17  Defendant denies the remaining allegations in this paragraph of the Complaint.

18  74.     Defendant states that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendant states that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

23  of the Complaint.

24  75.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

25  damages, and denies the remaining allegations in this paragraph of the Complaint.

26  76.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

27  damages, and denies the remaining allegations in this paragraph of the Complaint.

28  77.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   damages, and denies the remaining allegations in this paragraph of the Complaint.

2   78.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

3   damages, and denies the remaining allegations in this paragraph of the Complaint.

4   **Response to Fourth Cause of Action: Breach of Implied Warranties**

5   79.     Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

6   Complaint as if fully set forth herein.

7   80.     Defendant admits that, during certain periods of time, it marketed and co-promoted

8   Bextra® in the United States to be prescribed by healthcare providers who are by law

9   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

10  the remaining allegations in this paragraph of the Complaint.

11  81.     Defendant is without knowledge or information sufficient to form a belief as to the truth

12  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

13  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

14  when used in accordance with its FDA-approved prescribing information.  Defendant states that

15  the potential effects of Bextra® were and are adequately described in its FDA-approved

16  prescribing information, which was at all times adequate and comported with applicable

17  standards of care and law.  Defendant admits that it provided FDA-approved prescribing

18  information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph

19  of the Complaint.

20  82.     Defendant states that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendant states that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

25  Defendant denies the remaining allegations in this paragraph of the Complaint.

26  83.     Defendant states that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendant states that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

84.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

85.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

86.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   this paragraph of the Complaint.

2   87.    Defendant states that Bextra® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendant states that the potential effects of

4   Bextra® were and are adequately described in its FDA-approved prescribing information,

5   which was at all times adequate and comported with applicable standards of care and law.

6   Defendant denies any wrongful conduct and denies remaining allegations in this paragraph of

7   the Complaint.

8   88.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

9   damages, and denies the remaining allegations in this paragraph of the Complaint.

10  89.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

11  damages, and denies the remaining allegations in this paragraph of the Complaint.

12  90.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

13  damages, and denies the remaining allegations in this paragraph of the Complaint.

14  91.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

15  damages, and denies the remaining allegations in this paragraph of the Complaint.

16  **Response to Fifth Cause of Action: Fraudulent Misrepresentation**

17  92.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

18  Complaint as if fully set forth herein.

19  93.    Defendant states that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendant states that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

24  of the Complaint.

25  94.    Defendant states that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendant states that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
2    of the Complaint.

3    95.    Defendant states that Bextra® was and is safe and effective when used in accordance
4    with its FDA-approved prescribing information.  Defendant states that the potential effects of
5    Bextra® were and are adequately described in its FDA-approved prescribing information,
6    which was at all times adequate and comported with applicable standards of care and law.
7    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph
8    of the Complaint.

9    96.    Defendant is without knowledge or information sufficient to form a belief as to the truth
10   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,
11   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective
12   when used in accordance with its FDA-approved prescribing information.  Defendant states that
13   the potential effects of Bextra® were and are adequately described in its FDA-approved
14   prescribing information, which was at all times adequate and comported with applicable
15   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining
16   allegations in this paragraph of the Complaint.

17   97.    Defendant is without knowledge or information sufficient to form a belief as to the truth
18   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,
19   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective
20   when used in accordance with its FDA-approved prescribing information.  Defendant states that
21   the potential effects of Bextra® were and are adequately described in its FDA-approved
22   prescribing information, which was at all times adequate and comported with applicable
23   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused
24   Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the
25   Complaint.

26   98.    Defendant states that Bextra® was and is safe and effective when used in accordance
27   with its FDA-approved prescribing information.  Defendant states that the potential effects of
28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

99.   Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

100.   Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

101.   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

102.   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

103.   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Fraudulent Concealment**

104.   Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

105.   Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    of the Complaint.

2    106.    Defendant states that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

7    of the Complaint.

8    107.    Defendant states that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendant states that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

13   remaining allegations in this paragraph of the Complaint, including all subparts.

14   108.    Defendant states that this paragraph of the Complaint contains legal contentions to

15   which no response is required.  To the extent that a response is deemed required, Defendant

16   admits that it had duties as are imposed by law but denies having breached such duties.

17   Defendant states that Bextra® was and is safe and effective when used in accordance with its

18   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

19   were and are adequately described in its FDA-approved prescribing information, which was at

20   all times adequate and comported with applicable standards of care and law.  Defendant denies

21   any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

22   109.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

24   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

25   when used in accordance with its FDA-approved prescribing information.  Defendant states that

26   the potential effects of Bextra® were and are adequately described in its FDA-approved

27   prescribing information, which was at all times adequate and comported with applicable

28   standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  defective, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining

2  allegations in this paragraph of the Complaint.

3  110.   Defendant is without knowledge or information sufficient to form a belief as to the truth

4  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

5  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

6  when used in accordance with its FDA-approved prescribing information.  Defendant states that

7  the potential effects of Bextra® were and are adequately described in its FDA-approved

8  prescribing information, which was at all times adequate and comported with applicable

9  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

10  allegations in this paragraph of the Complaint.

11  111.   Defendant states that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendant states that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

16  of the Complaint.

17  112.   Defendant is without knowledge or information sufficient to form a belief as to the truth

18  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

19  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

20  when used in accordance with its FDA-approved prescribing information.  Defendant states that

21  the potential effects of Bextra® were and are adequately described in its FDA-approved

22  prescribing information, which was at all times adequate and comported with applicable

23  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

24  allegations in this paragraph of the Complaint.

25  113.   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

26  damages, and denies the remaining allegations in this paragraph of the Complaint.

27  114.   Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

28  damages, and denies the remaining allegations in this paragraph of the Complaint.

1    115.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

2    damages, and denies the remaining allegations in this paragraph of the Complaint.

3    <u>**Response to Seventh Cause of Action: Negligent Misrepresentation**</u>

4    116.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs'

5    Complaint as if fully set forth herein.

6    117.    Defendant states that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendant

8    admits that it had duties as are imposed by law but denies having breached such duties.

9    Defendant states that Bextra® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

11   were and are adequately described in its FDA-approved prescribing information, which was at

12   all times adequate and comported with applicable standards of care and law.  Defendant denies

13   the remaining allegations in this paragraph of the Complaint.

14   118.    Defendant states that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendant states that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

19   of the Complaint.

20   119.    Defendant states that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendant states that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

25   denies the remaining allegations in this paragraph of the Complaint.

26   120.    Defendant states that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendant states that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

121.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

122.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

123.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

124.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

## Response to Eighth Cause of Action: Fraud and Deceit

125.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

126.    Defendant states that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendant therefore lacks knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies the same.

127.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

128.    Defendant denies any wrongful conduct and denies the remaining allegations in this

paragraph of the Complaint.

129.    Defendant states that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it had duties as are imposed by law but denies having breached such duties. Defendant denies the remaining allegations in this paragraph of the Complaint.

130.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

131.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations in this paragraph of the Complaint.

132.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

133.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

134.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

135.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

136.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

137.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

138.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

1  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

2  of the Complaint.

3  139.    Defendant states that Bextra® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendant states that the potential effects of

5  Bextra® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

8  of the Complaint.

9  140.    Defendant states that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendant states that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

14  of the Complaint.

15  141.    Defendant states that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendant states that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

20  of the Complaint.

21  142.    Defendant states that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendant states that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

26  of the Complaint.

27  143.    Defendant states that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendant states that the potential effects of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

4    of the Complaint.

5    144.    Defendant states that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendant states that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

10    of the Complaint.

11    145.    Defendant states that Bextra® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendant states that the potential effects of

13    Bextra® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

16    of the Complaint.

17    146.    Defendant denies any wrongful conduct and denies the remaining allegations in this

18    paragraph of the Complaint.

19    147.    Defendant admits that, during certain periods of time, it marketed and co-promoted

20    Bextra® in the United States to be prescribed by healthcare providers who are by law

21    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

22    the remaining allegations in this paragraph of the Complaint.

23    148.    Defendant states that Bextra® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.  Defendant states that the potential effects of

25    Bextra® were and are adequately described in its FDA-approved prescribing information,

26    which was at all times adequate and comported with applicable standards of care and law.

27    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

28    of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

149.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

150.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

151.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

152.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

153.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

154.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Ninth Cause of Action: Loss of Consortium**

155.    Defendant incorporates by reference its responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

156.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph of the Complaint regarding Plaintiffs' marital status, and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Complaint.

2  157.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

3  damages, and denies the remaining allegations in this paragraph of the Complaint.

4  158.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

5  damages, and denies the remaining allegations in this paragraph of the Complaint.

6  <u>**Response to Prayer for Relief**</u>

7  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiffs injury or

8  damages, and denies the remaining allegations in Plaintiffs' Prayer for Relief, including all

9  subparts.

10  **III.**

11  <u>**GENERAL DENIAL**</u>

12  Defendant denies the allegations and/or legal conclusions set forth in Plaintiffs' Complaint that

13  have not been previously admitted, denied, or explained.

14  **IV.**

15  <u>**AFFIRMATIVE DEFENSES**</u>

16  Defendant reserves the right to rely upon any of the following or additional defenses to

17  claims asserted by Plaintiffs to the extent that such defenses are supported by information

18  developed through discovery or evidence at trial.  Defendant affirmatively shows that:

19  <u>**First Defense**</u>

20  1.    The Complaint fails to state a claim upon which relief can be granted.

21  <u>**Second Defense**</u>

22  2.    Bextra® is prescription medical product.  The federal government has preempted the

23  field of law applicable to the labeling and warning of prescription medical products.

24  Defendant's labeling and warning of Bextra® was at all times in compliance with applicable

25  federal law.  Plaintiffs' causes of action against Defendant, therefore, fail to state a claim upon

26  which relief can be granted; such claims, if allowed, would conflict with applicable federal

27  law and violate the Supremacy Clause of the United States Constitution.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Third Defense

3.    At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.    Plaintiffs' claims against Defendant are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiffs' damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or

act of God.

**Eleventh Defense**

11.    Defendant affirmatively denies that it violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.   Bextra® provided adequate warnings to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred, in whole or in part, by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendant and any liability of Defendant is therefore barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Seventeenth Defense

17.    Plaintiffs' alleged injuries/damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiffs are barred from recovering against Defendant because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because the subject pharmaceutical product at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-third Defense

23.    Plaintiffs' claims are barred, in whole or in part, by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred, in whole or in part, because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable

federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred, in whole or in part, because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiffs' claims are barred, in whole or in part, because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Restatement (Third) of Torts: Products Liability, § 6, Comment f.

### Twenty-eighth Defense

28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    Defendant affirmatively avers that the imposition of punitive damages in this case would violate Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California and Missouri, and would additionally violate Defendant's rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Thirty-second Defense**

2    32.    The imposition of punitive damages in this case would violate the First Amendment to

3    the United States Constitution.

4

**Thirty-third Defense**

5    33.    Plaintiffs' punitive damage claims are preempted by federal law.

6

**Thirty-fourth Defense**

7    34.    In the event that reliance was placed upon Defendant's nonconformance to an express

8    representation, this action is barred as there was no reliance upon representations, if any, of

9    Defendant.

10

**Thirty-fifth Defense**

11    35.    Plaintiffs    failed    to    provide    Defendant    with    timely    notice    of    any    alleged

12    nonconformance to any express representation.

13

**Thirty-sixth Defense**

14    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability

15    without proof of causation, the claims violate Defendant's rights under the United States

16    Constitution.

17

**Thirty-seventh Defense**

18    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any,

19    and labeling with respect to the subject pharmaceutical product were not false or misleading

20    and, therefore, constitute protected commercial speech under the applicable provisions of the

21    United States Constitution.

22

**Thirty-eighth Defense**

23    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

24    caused injuries asserted in the Complaint, punitive damages are barred or reduced by

25    applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the

26    due process protections afforded by the United States Constitution, the excessive fines clause

27    of the Eighth Amendment of the United States Constitution, the Commerce Clause of the

28    United States Constitution, and the Full Faith and Credit Clause of the United States

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Constitution, and applicable provisions of the Constitutions of the States of Missouri and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Forty-first Defense**

41.    If Plaintiffs sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiffs' claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendant's conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra.    Accordingly, Plaintiffs' claims are preempted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United

2    States.

3                                        **Fifty-fourth Defense**

4    54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

5    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

6                                        **Fifty-fifth Defense**

7    55.    Defendant states on information and belief that the Complaint and each purported

8    cause of action contained therein is barred by the statutes of limitations contained in California

9    Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of

10   limitation as may apply.

11                                       **Fifty-sixth Defense**

12   56.    Defendant states on information and belief that any injuries, losses, or damages

13   suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other

14   actionable conduct of persons or entities other than Defendant.  Therefore, Plaintiffs' recovery

15   against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

16                                       **Fifty-seventh Defense**

17   57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

18   Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

19   Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

20   damages is also barred under California Civil Code § 3294(b).

21                                       **Fifty-eighth Defense**

22   58.    Plaintiffs' claims are barred by the limitations and defenses set out in the Missouri

23   Product Liability Act, Mo. Rev. Stat. § 537. 760 *et seq.*, including but not limited to, the "state

24   of the art" defenses as defined in Mo. Rev. Stat. § 537.764.  Defendant incorporates by

25   reference all defenses and/or limitations set forth or referenced in the Missouri Product

26   Liability Act.

27                                       **Fifty-ninth Defense**

28   59.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the

2    part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not

3    liable in any way.  Mo. Rev. Stat. § 537.765.

4                                    **Sixtieth Defense**

5    60.    The imposition of punitive damages in this case would violate Defendant's rights to

6    procedural due process under both the Fourteenth Amendment of the United States

7    Constitution and Article I, § 17 of the Constitution of the State of Missouri, and would

8    additionally violate Defendant's right to substantive due process under the Fourteenth

9    Amendment of the United States Constitution.

10                                  **Sixty-first Defense**

11   61.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

12   Fourteenth Amendments to the United States Constitution and are subject to all provisions of

13   Missouri law.

14                                 **Sixty-second Defense**

15   62.    Defendant denies that it are liable for any damages in this case.  Defendant contends,

16   however, that any damage award to Plaintiffs that utilizes the Missouri joint and several

17   liability scheme would be unconstitutional, as this scheme is violative of Defendant's due

18   process and equal protection guarantees under the United States and Missouri Constitutions.

19   The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates

20   Defendant's due process guarantees because no legitimate state interest supports § 537.067,

21   and, furthermore, no rational relationship exists between a legitimate state interest and the

22   promotion of the Missouri joint and several liability scheme.  Additionally, the Missouri

23   system of assessing joint and several liability violates Defendant's equal protection guarantees

24   because it operates to create arbitrary classifications of individuals, and to treat similarly

25   situated individuals dissimilarly under the law.  The joint and several liability scheme is also

26   unconstitutionally void for vagueness under the United States and Missouri Constitutions.

27   Thus, the scheme is unconstitutional and should not be applied in this action.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Sixty-third Defense**

63.      Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiffs' claims.

**IV.**

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing from Defendant by reason of the Complaint;

2.      That the Complaint be dismissed;

3.      That Defendant be awarded its costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendant in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' damages; and

6.      That Defendant has such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    July 16, 2008                          GORDON & REES LLP

2

3                                           By: _____/s/_____

4                                                Stuart M. Gordon
                                                 sgordon@gordonrees.com
5                                                Embarcadero Center West
                                                 275 Battery Street, 20th Floor
6                                                San Francisco, CA  94111
                                                 Telephone:  (415) 986-5900
7                                                Fax:  (415) 986-8054

8    July 16, 2008                          TUCKER ELLIS & WEST LLP

9

10                                          By: _____/s/_____

11                                               Michael C. Zellers
                                                 michael.zellers@tuckerellis.com
12                                               515 South Flower Street, Suite 4200
                                                 Los Angeles, CA 90071-2223
13                                               Telephone:  (213) 430-3400
                                                 Fax:  (213) 430-3409

14
                                                 Attorneys for Defendant
15                                               PFIZER INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY DEMAND**

2        Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3    case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4

5    July 16, 008                                GORDON & REES LLP

6

7    By: _____/s/_____

    Stuart M. Gordon

8        sgordon@gordonrees.com
    Embarcadero Center West

9        275 Battery Street, 20th Floor
    San Francisco, CA  94111

10       Telephone:  (415) 986-5900
    Fax:  (415) 986-8054

11   July 16, 2008                               TUCKER ELLIS & WEST LLP

12

13   By: _____/s/_____

    Michael C. Zellers

14       michael.zellers@tuckerellis.com
    515 South Flower Street, Suite 4200

15       Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400

16       Fax:  (213) 430-3409

17       Attorneys for Defendant
    PFIZER INC.

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111